IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT OLSEN and ROSELITA OLSEN, | ) ) ) | 4:08CV3078 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| HABITAT FOR HUMANITY and NANCY MUELING, Executive Director, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiffs' Letter, which the court construes as a Motion for Preliminary Injunction. (Filing No. 9.) In their Motion, Plaintiffs request that the court "stop the sale of [Plaintiffs'] property" located in Lincoln, Nebraska. (*Id.* at CM/ECF p. 1.) Attached to the Motion is a copy of the "Notice of Trustee Sale" which indicates that Plaintiffs' residence will be sold at a public auction on June 12, 2008 at 10:00 a.m. (*Id.* at CM/ECF p. 3.)

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiffs' Motion. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the

injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

Liberally construing Plaintiffs' Complaint (filing no. 1) and their Motion (filing no. 9), Plaintiffs allege that Defendants discriminated against them because they failed to "pay [their] house payment." (Filing No. 1 at CM/ECF p. 2.) When Plaintiffs failed to make their house payment, they gave doctor's statements to Defendant Mueling. (*Id.*) Plaintiffs allege that they are Native Americans and that Defendant Mueling "made racist statements" and that she "persued (*sic*) foreclosure" on Plaintiffs' home. (*Id.* at CM/ECF pp. 2-3.) Although Plaintiffs' allegations are unclear, they allege that they filed "chapter 13" bankruptcy in 2005 which was "changed to chapter 7." (*Id.* at CM/ECF p. 3.) Plaintiffs' Motion simply restates the allegations that "Habitat was prejudice (*sic*) against Native Americans" and alleges Plaintiffs' dissatisfaction with their previous attorney. (Filing No. 9 at CM/ECF p. 1.)

The court liberally construes Plaintiffs' claims as brought pursuant to the Fair Housing Act. *See* 42 U.S.C. § 3605. To state a claim under this section of the Fair Housing Act, a plaintiff must allege that:

> (1) he was a member of a protected class; (2) he attempted to engage in a 'real estate-related transaction' with [the defendant-bank], and met all relevant qualifications for doing so; (3) [the bank] refused to engage in the transaction despite [the plaintiff's] qualifications; and (4) [the bank] continued to engage in that type of transaction with other parties with qualifications similar to [the plaintiff's].

*Hickson v. Home Fed. of Atlanta*, 805 F. Supp. 1567, 1571-72 (N.D. Ga. 1992) (citations omitted); *see also Rowe v. Union Planters Bank of Se. Mo.*, 289 F.3d 533,

535 (8th Cir. 2002). Alternatively, Plaintiffs' claims may arise pursuant to 42 U.S.C. § 1981. Similarly, to state a claim for discrimination relating to housing foreclosure decisions under this section, a plaintiff must allege that:

> (1) he met whatever qualifications may exist for having [the defendant-bank] forbear on enforcing the mortgage note or making a report to credit agencies; (2) despite his qualifications, [the bank] refused to so forbear; and (3) [the bank] has forbore for other people who share qualifications similar to [the plaintiff's].

*Hickson*, 805 F. Supp. at 1572 (citations omitted).

Here, the court finds that the *Dataphase* factors do not favor Plaintiffs to a degree sufficient to warrant issuance of preliminary injunctive relief. In balancing all of the factors, it is apparent that Plaintiffs have not alleged, or submitted any evidence showing, that it is probable they will succeed on the merits of their claims. In particular, Plaintiffs admit that they are in default and they do not allege that the default arose as a result of racial discrimination. Furthermore, Plaintiffs have not alleged that they sought forbearance from Defendants. Even if such an allegation existed, Plaintiffs have not alleged that they met the qualifications for forbearance, or that despite the request and Plaintiffs' qualifications, Defendants refused to forbear their loan. Finally, Plaintiffs have not alleged that others with similar qualifications were given forbearance. As in *Hickson*, other than a "declaration that [they were] the victim[s] of 'racial discrimination,'" Plaintiffs here have "failed to plead any facts that might suggest" that Defendants violated the Fair Housing Act or 42 U.S.C. § 1981. *Hickson*, 805 F. Supp. at 1572. In light of this, and in consideration of all of the factors, the court sees no reason to "intervene to preserve the status quo until the merits are determined. . . ." *Dataphase*, 640 F.2d at 113.

3

IT IS THEREFORE ORDERED that Plaintiffs' Letter, construed as a Motion for Preliminary Injunction, ([filing no. 9](#)) is denied.

Dated June 10, 2008.

BY THE COURT:

s/ Warren K. Urbom
United States Senior District Judge