IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT OLSEN and ROSELITA OLSEN, | ) ) ) | 4:08CV3078 |
| Plaintiffs, | ) ) ) | **MEMORANDUM** |
| v. | ) ) | **AND ORDER** |
| HABITAT FOR HUMANITY and NANCY MUELING, Executive Director, | ) ) ) ) ) | |
| Defendants. | ) | |

The plaintiffs filed their Complaint in this matter on April 21, 2008. (Filing No. 1.) The plaintiffs have previously been given leave to proceed in forma pauperis. (Filing No. 6; Filing No. 8.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

**I.     SUMMARY OF COMPLAINT**

The plaintiffs filed their complaint on April 21, 2008 against two defendants, Habitat for Humanity ("Habitat"), and Habitat's Executive Director, Nancy Mueling. (Filing No. 1 at CM/ECF p. 1.) The plaintiffs are both Native Americans who reside in Lincoln, Nebraska. (*Id.*)

Condensed and summarized, the plaintiffs' complaint (filing no. 1) alleges that the defendants discriminated against them because they failed to "pay [their] house payment." (Filing No. 1 at CM/ECF p. 2.) When the plaintiffs failed to make their house payment, they gave doctor's statements to the defendant Mueling. (*Id.*) The plaintiffs allege that Defendant Mueling "made racist statements" and that she

"persued [sic] foreclosure" on the plaintiffs' home because they are Native Americans. (*Id.* at CM/ECF pp. 2-3.) The plaintiffs seek monetary "damages for pain and suffering," and "a public apology from Habitat." (*Id.* at CM/ECF p. 5.) The plaintiffs also request that the court permit them to "[k]eep [their] home." (*Id.*)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

The court liberally construes the plaintiffs' claims as brought pursuant to the Fair Housing Act. *See* 42 U.S.C. § 3605. To state a claim under this section of the Fair Housing Act, a plaintiff must allege that:

2

> (1) he was a member of a protected class; (2) he attempted to engage in a 'real estate-related transaction' with [the defendant-bank], and met all relevant qualifications for doing so; (3) [the bank] refused to engage in the transaction despite [the plaintiff's] qualifications; and (4) [the bank] continued to engage in that type of transaction with other parties with qualifications similar to [the plaintiff's].

*Hickson v. Home Fed. of Atlanta*, 805 F. Supp. 1567, 1571-72 (N.D. Ga. 1992) (citations omitted); *see also Rowe v. Union Planters Bank of Se. Mo.*, 289 F.3d 533, 535 (8th Cir. 2002). Alternatively, the plaintiffs' claims may arise pursuant to 42 U.S.C. § 1981. Similarly, to state a claim for discrimination relating to housing foreclosure decisions under this section, a plaintiff must allege that:

> (1) he met whatever qualifications may exist for having [the defendant-bank] forbear on enforcing the mortgage note or making a report to credit agencies; (2) despite his qualifications, [the bank] refused to so forbear; and (3) [the bank] has forbore for other people who share qualifications similar to [the plaintiff's].

*Hickson*, 805 F. Supp. at 1572 (citations omitted).

Here, the plaintiffs admit that they are in default and they do not allege that the default arose as a result of racial discrimination. Furthermore, the plaintiffs have not alleged that they sought forbearance from the defendants. Even if such an allegation existed, the plaintiffs have not alleged that they met the qualifications for forbearance, or that despite the request and the plaintiffs' qualifications, the defendants refused to forbear their loan. Finally, the plaintiffs have not alleged that others with similar qualifications were given forbearance. As in *Hickson*, other than a "declaration that [they were] the victim[s] of 'racial discrimination,'" the plaintiffs here have "failed to plead any facts that might suggest" that the defendants violated the Fair Housing Act or 42 U.S.C. § 1981. *Hickson*, 805 F. Supp. at 1572.

3

However, on the courts own motion, the plaintiffs shall have 30 days in which to amend their complaint to properly state a claim under either the Fair Housing Act or 42 U.S.C. § 1981. Any amended complaint shall restate the allegations of the plaintiff's current complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. If the plaintiffs fail to file an amended complaint in accordance with this Memorandum and Order, the plaintiffs' current complaint (filing no. 1) will be dismissed without prejudice for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that:

1. the plaintiffs shall have until **August 19, 2008** to amend their complaint to clearly state an a claim upon which relief may be granted against the defendants, in accordance with this Memorandum and Order. If the plaintiffs fail to file an amended complaint, the plaintiffs' current complaint (filing no. 1) will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted.

2. in the event that the plaintiffs file an amended complaint, the plaintiffs shall restate the allegations of the current complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims.

3. the clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **August 19, 2008,** dismiss if not filed.

4. the plaintiffs shall keep the court informed of their current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

Dated July 21, 2008.

> BY THE COURT
>
> s/ Warren K. Urbom
> United States Senior District Judge